UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK STANLEY PAWLICKI,<br><br>                       Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                       Respondent. | Case No.: 16-cv-0721-AJB-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(3) DENYING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND**<br><br>**(4) DISMISSING AS MOOT PETITIONER'S MOTION FOR LEAVE TO EXHAUST CLAIMS**<br><br>(Doc. Nos. 34, 60, 61, 63) |

Before the Court is Magistrate Judge Dembin's Report and Recommendation ("R&R") on Petitioner Patrick Stanley Pawlicki's ("Pawlicki") second amended petition for a writ of habeas corpus. (Doc. Nos. 34, 60.) The R&R recommends that this Court deny Pawlicki's habeas petition for two main reasons: (1) the state court adjudication of claims one, six, and seven is neither contrary to, nor involves an unreasonable application of, clearly established federal law, and is not based on an unreasonable determination of the facts; and (2) the remaining claims fail under de novo review. (Doc. No. 60 at 3.) Pawlicki filed a fifty-nine page objection in response. (Doc. No. 61.) For the reasons discussed herein, the Court **ADOPTS** the R&R in its entirety, (Doc. No. 60), **OVERRULES** Pawlicki's objections, (Doc. No. 61), **DISMISSES** Pawlicki's habeas petition, (Doc. No. 34), and **DENIES AS MOOT** Pawlicki's motion for leave to exhaust claims, (Doc. No. 63).

## I.  BACKGROUND

The factual and procedural background of the instant matter is not only lengthy, but also incredibly intricate. Thus, instead of restating the exhaustive factual summary from the appellate court opinion affirming Pawlicki's conviction on direct review, the Court will only provide a narrow background of the vital facts pertaining to this Order.

On October 28, 2009, a complaint was filed in the San Diego County Superior Court charging Pawlicki with nine counts of committing a lewd act on a child under fourteen years of age in violation of California Penal Code § 288(a). (Doc. No. 51-1 at 17–23.) Shortly thereafter, Pawlicki appeared with retained counsel Kerry Armstrong and was released on a one million dollar bail bond. (Doc. No. 51-7 at 5.) Pawlicki was then arraigned on December 10, 2009, and a trial date was set for June 15, 2010. (*Id*. at 11, 13.)

On April 1, 2010, the court granted Pawlicki's request to substitute newly retained counsel Thomas Matthews for Armstrong and a second trial date was set for October 5, 2010. (*Id*. at 14.) A couple of months later, Matthews moved to be relieved of counsel on the basis that Pawlicki said he had hired a new attorney. (Doc. No. 51-12 at 12–13.) In

addition, Matthews informed the court that Pawlicki had tried to extort him by claiming that he had secretly recorded conversations with his legal assistant that contained "potentially serious charges of misconduct," and would refrain from contacting authorities if Matthews refunded his retainer. (*Id*. at 8.)

On August 20, 2010, counsel Demosthenes Lorandos was allowed to replace Matthews as retained counsel. (Doc. No. 51-16 at 11–21.) However, after granting this motion, the court stated that it had gotten the "slightest sense that this matter [was] being delayed by substituting attorneys any time [Pawlicki was] unhappy with whatever his attorneys [were] telling him." (*Id*. at 8.) Pawlicki denied changing counsel to obtain delays, however, the court responded with:

> Frankly, I don't believe you. I think you are manipulating the system. You are trying to obtain a delay in the trial of charges that could land you in prison for life. The understanding is going to be that you are going to have a new lawyer here on that next date or you're going to represent yourself.

(*Id*. at 13.)

On September 8, 2010, Lorandos appeared as retained counsel of record, asked for and was granted a continuance, and a third "firm" trial date was set for February 22, 2011. (Doc. No. 51-7 at 17.) On January 18, 2011, a discovery hearing was held before the Honorable Louis R. Hanoian and Lorandos' request for a continuance of the trial date due to the large amount of discovery and the need for investigation was granted. (*Id*. at 23–24.) A fourth trial date was then set for September 27, 2011. (*Id*. at 23, 31.)

Later that year, on October 28, 2011, Pawlicki failed to appear at a status conference and a bench warrant was issued for his arrest. (*Id*. at 56–57.) In November, Pawlicki appeared in court following his extradition in Georgia and he was ordered held without bail after the prosecutor informed the court that Pawlicki had been apprehended by bounty hunters while he was attempting to obtain false identification and board a cargo ship to China. (*Id*. at 59; Doc. No. 51-21 at 6–7.) A sixth trial date was then set for January 9, 2012. (*Id*. at 14.)

On November 18, 2011, the court held a hearing on Lorandos' motion to withdraw. (Doc. No. 51-22 at 8–11.) However, the motion was never argued as Pawlicki fired Lorandos at the hearing and informed the court that he was in the process of retaining attorney Vikas Bajaj. (*Id*. at 3–4, 8.) The Office of the Public Defender was appointed pending the retention of Bajaj, who was never retained, and a status conference was then set to give Pawlicki time to retain counsel. (*Id*. at 12.)

On December 15, 2011, Dante Pride substituted in for the public defender and the January 9, 2012 trial date was converted into a status conference so that a "firm" trial date could be set. (Doc. No. 51-23 at 4–10.) A seventh trial date was then set for June 18, 2012, with the court informing Pride that no further continuances would be given. (Doc. No. 51-7 at 69; Doc. No. 51-8 at 26.)

On March 22, 2012, Pride moved to withdraw as counsel on the basis that Pawlicki's conduct had made it unreasonably difficult for him to proceed and that Pawlicki had breached his fee obligation with him. (Doc. No. 51-12 at 21.) Pride's motion was granted on April 2, 2012, and a public defender was appointed. (Doc. No. 51-8 at 26.) Thereafter, Attorney Mel Epley appeared for Pawlicki, but on May 4, 2012, the public defender's office conflicted out because they represented the jailhouse informants who eventually testified at trial that Pawlicki solicited them to destroy evidence and kill witnesses. (Doc. No. 51-7 at 75–76.)

On May 14, 2012, the trial date was vacated and an alternate public defender Zaki Zehawi was appointed. (*Id*. at 77.) As Zehawi indicated that he had not reviewed all the discovery, an eighth trial date was set for October 29, 2012. (*Id*. at 78.) Thereafter, two months before trial, retained attorney Raymundo Pacello appeared and requested to be substituted in for Zehawi. (Doc. No. 51-26 at 4.) Pacello indicated that he had met with Pawlicki multiple times, was familiar with the details of the case, was an experienced trial attorney with an "enormous staff," and was "ready, willing and able to proceed" to trial as scheduled. (*Id*. at 14.) The court then questioned Pacello about the number of cases he had tried in terms of felony trials to a verdict and affirmed that he was familiar with the history

of the attorneys in the case and that Pawlicki wanted Pacello as his counsel. (*Id*. at 16–17.)

Four weeks before trial was set to begin, Pacello sought a 60-day continuance stating that despite having hired multiple people and having spent hundreds of hours preparing, it would be difficult for him to proceed to trial. (Doc. No. 51-34 at 5–36.) The motion was ultimately denied, though the trial date was continued for a week to accommodate the judge's trial schedule. (*Id*. at 36, 51.)

Around two weeks before trial, attorney Pam Lacher moved to substitute in for Pacello and Pacello moved to withdraw as counsel of record. (Doc. No. 51-7 at 83–84.) Lacher informed the court that Pawlicki had contacted her five weeks earlier, but that she was not ready to go to trial and asked for a six-month continuance. (Doc. No. 51-35 at 10–46.) Pacello then informed the trial judge, in camera, apparently while crying, that his motion was based on the fact that he is a father to "two beautiful daughters" and that he could not "get up in front of [the] court and basically misstate what [he] believe[d] for the benefit of a defense of a man" whom he no longer trusted. (Doc. No. 58-3 at 5, 7.) Moreover, to further support his motion, Pacello stated that he was in charge of Pawlicki's entire estate, that he was aware of "people doing all kinds of different things," that he didn't know what Pawlicki's next move was, and that Pawlicki "fooled" him into believing he was innocent. (*Id*. at 7.)

After holding a hearing on both matters, the court denied Lacher's motion to substitute into the case and denied Pacello's motion to withdraw because the reasons he provided were more akin to personal issues and did not amount to a breakdown of the attorney-client relationship. (Doc. No. 51-35 at 46–49.) The trial judge then warned Pawlicki that he could fire Pacello, but then he would have to represent himself or retain someone who was ready to go to trial. (*Id*. at 47–48, 59.) Further, Pawlicki was cautioned that if his conduct of hiring and firing attorneys were to rise to the level of misconduct, he risked forfeiting his right to counsel under *King v. Superior Court*, 107 Cal. App. 4th 929, 944–49 (2003). (*Id*. at 50–51.)

Jury selection began on November 8, 2012, with trial lasting fourteen court days.

(Doc. No. 51-7 at 96–130.) On December 10, 2012, after deliberating for two days, the jury found Pawlicki guilty of touching the breasts (count one) and vagina (count two) of his 12-year old stepdaughter Christina C. with his hand, forcing her to touch his penis with her hand (count three), and touching her vagina with his penis (count 4), touching the vagina of his 9-year old daughter Bonnie P. who suffers from Down Syndrome with his penis (count 6), and touching her crotch with his hand (count 8), and touching his penis to the anus of Michael S., his 11-year old stepson (count 7). (Doc. No. 51-8 at 9–22.) Pawlicki was found not guilty on count five, touching Bonnie P. with his hand in bed. (*Id*. at 18.)

On January 9, 2013, the date set for sentencing, Pawlicki fired Pacello and Lacher substituted in as retained counsel. (*Id*. at 23.) Lacher requested a six-month continuance in order to file a new trial motion, which was denied. (*Id*. at 24.) Thereafter, Lacher filed another motion for reconsideration of her request for a continuance, which was also denied. (*Id*. at 24–31.)

Lacher then filed a motion to disqualify the trial judge based on allegations that (1) she previously appeared in the trial judge's court numerous times, but had never been treated the way she had in this case; (2) the trial judge had formed an opinion that Pawlicki had hired and fired attorneys as a ploy to delay the proceedings without an adequate inquiry into the reasons for substitution of counsel; (3) by denying Lacher's pretrial motion for substitution of counsel, the trial judge forced Pawlicki to go to trial with Pacello—a conflicted, inexperienced, and unprepared attorney; and (4) the trial judge refused to give Lacher sufficient time to prepare a motion for new trial. (Doc. No. 51-5 at 162–291.) All of these matters led Lacher to believe that the judge had violated three cannons of judicial ethics (integrity, impartiality, and competency) and had lost the ability to remain impartial. (*Id*.) On March 26, 2013, finding no basis for disqualification, the motion was denied. (Doc. No. 51-6 at 2–6.)

On March 29, 2013, Lacher filed a new trial motion alleging that: (1) Pacello had a conflict of interest; (2) Pacello was essentially absent from trial as he spent the majority of his time during trial sleeping or using his cellphone to update his Facebook page, check

emails, or read messages; (3) the trial court erred when it refused to relieve Pacello prior to trial; and (4) each of the foregoing resulted from a lack of impartiality of the trial judge. (*Id*. at 48–77.) The motion was denied on April 2, 2013. (Doc. No. 51-8 at 36–37.) Pawlicki then appealed. (Doc. No. 51-63.) The appellate court affirmed. (*Id*. at 43.) On March 16, 2015, Pawlicki filed a petition for review in the California Supreme Court presenting a single claim: that he was denied his right to counsel under Cronic. (Doc. No. 51-64.) That petition was denied. (Doc. No. 51-65.) On June 3, 2016, Pawlicki filed a habeas petition in the Supreme Court of California, (Doc. No. 51-66), which was also denied, (Doc. No. 51-67).

## II. LEGAL STANDARD

### A. STANDARD OF REVIEW OF THE R&R

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

"The statute [§ 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis in original). Hence, in the absence of objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to 1983. As to portions of the report to which no objection is made, the Court "may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law." *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001).

### B. STANDARD OF REVIEW UNDER 28 U.S.C. § 2254

A petitioner in state custody pursuant to the judgment of a state court may challenge

his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *accord Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") (codified as amended as 28 U.S.C. § 2254(d)), applies to § 2254 habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to" or "an unreasonable application" of Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. § 2254(d)(1)–(2). To be an unreasonable application of federal law, the state court decision must be more than incorrect or erroneous; it must be objectively unreasonable. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).

### III. DISCUSSION

Pawlicki's second amended petition brings the following claims:

1. Pawlicki's trial counsel was so ineffective it amounted to a complete denial of his right to counsel because Pacello: (a) misled Pawlicki and the trial judge regarding his experience; (b) failed to hire a second expert witness; (c) lacked experience with the rules of evidence; (d) failed to prepare for trial; (e) had a conflict of interest; and (f) failed to pay attention during trial because he was sleeping and using his cell phone.
2. The trial judge's decision to refuse to permit Pawlicki to replace Pacello with Lacher prior to trial was based on actual or apparent judicial bias.
3. Prosecutorial misconduct occurred when: (a) the prosecutor presented irrelevant and inflammatory testimony; (b) the police seized the hard drive from Pawlicki's computer without a warrant; and (c) the prosecutor withheld statements by Dr. Marilyn Kaufhold that Bonnie was never sexually abused, medical and criminal records purportedly demonstrating that Christina C. and Michael S. "were of bad character and should not be believed," and "evidence that Christina C had recanted her allegations."

8

4. Pawlicki is actually innocent.
5. To the extent the allegations of ineffective assistance of trial counsel in claim one did not rise to the level of complete denial of counsel under Cronic, they amount to ineffective assistance of trial counsel under Strickland.
6. Pawlicki was denied his right to his choice of counsel through the denial of his pretrial motion to substitute attorney Lacher for Pacello.
7. Pawlicki was denied his rights to due process and equal protection by the admission of uncharged sexual misconduct with minors, introduced for the sole purpose of showing he had a propensity to commit the charged crimes.

(*See generally* Doc. No. 34.)

### A. PETITIONER IS NOT ENTITLED TO DE NOVO REVIEW BECAUSE HIS OBJECTION IS AN OPPOSITION

Rule 72(b)(2) requires an objecting party to file "specific written objections" and Rule 72(b)(3) requires the district judge to review decisions of the magistrate judge that have been "properly objected to." Fed. R. Civ. P. 72(b)(2), (3). Specifically, though objections of pro se litigants are generally accorded leniency and "construed to raise the strongest arguments that they suggest[,]" these objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citation and internal quotations omitted).

Presently, although Pawlicki filed a document entitled "Objection to Report and Recommendation," the document does not contain specific objections. (*See generally* Doc. No. 61.) Rather, Pawlicki re-argues his belief that the trial judge engaged in outrageous conduct, the trial judge was unreasonable, that Pacello misled the court regarding his experience, that Pawlicki was found guilty on "mere accusations," and that he was denied his choice of counsel. (*Id.*) Regrettably, all of these contentions are simply re-statements of the claims in the Petition. (*See generally* Doc. No. 34.)

The Court notes that it appreciates the time that Pawlicki took to craft his objection.

9

16-cv-0721-AJB-MDD

The Court is also cognizant that as a pro se litigant, the Court should give him considerable leeway. *See Hughes v. Rowe*, 449 U.S. 5, 9 & n.7 (1980) (explaining that pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" because pro se litigants are more prone to making errors in pleadings than litigants represented by counsel); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the Supreme Court has stated that federal courts should liberally construe the "'inartful pleading' of pro se litigants."). This rule particularly applies to pro se prisoners. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

However, pro se plaintiffs are still expected to follow "the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer.").

Thus, regrettably, as Pawlicki's objection simply repeats the arguments made in his Petition—arguments already analyzed by the magistrate judge in the R&R—the Court is relieved of any obligation to review the objection. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that § 636(b)(1)(C) "does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."); *see also Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *2 (D. Ariz. May 30, 2006) ("Reformatting the petition as an objection provides this Court with no guidance as to what portions of the R&R Petitioner considers to be incorrect.").

Nevertheless, the Court liberally construes and considers the discernable objections as presented by Pawlicki in his brief.

### *i. Ineffective Assistance of Counsel*

The core issue presented in Pawlicki's objection is his claim of ineffective assistance

of his trial counsel. (Doc. No. 61 at 7–11.) Specifically, Pawlicki argues that Pacello supposedly lacked a basic understanding of the rules of evidence, that Pacello had a conflict of interest, and that Pacello was absent from trial as he spent the majority of the time sleeping. (*Id*. at 10–11.)

The Court does not deny that the record demonstrates that Pacello's actions when requesting withdrawal from this case were peculiar. However, to adequately allege ineffective assistance of counsel, Pawlicki must show that his counsel's deficient performance was prejudicial, which requires showing that his "counsel's errors were so serious as to deprive [Pawlicki] of a fair trial[.]" *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A petitioner need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the errors. *Id*. at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id*.

Applying this standard, though Pawlicki provides the Court with several arguments for why he believes Pacello's representation was deficient, he has not identified any defects in the representation that would have altered or prejudiced the outcome of his jury trial. As the trial judge stated, the jury was entitled and did believe the testimony of Michael and Christina, two of Pawlicki's victims, especially once they were corroborated by two other individuals. (Doc. No. 60 at 52–53.) Moreover, Pawlicki's own statements during trial as well as his flight from prosecution, taken together, allowed for the inference of guilt.[1] (*Id*.) Thus, despite Pawlicki maintaining that he should be granted a new trial based on ineffective assistance of his trial counsel, his Petition as well as his objection fail to establish prejudice as a result of Pacello's purported errors.

---

[1] The R&R puts into great detail various facts that highlight that even if Pacello was inexperienced or unprepared, there was more than enough evidence to support the conclusion that the outcome of trial would not be undermined by Pacello's various purported inadequacies. (*See* Doc. No. 60 at 62 (highlighting that Pawlicki's family and friends testified that he had admitted to sexually molesting Christina C, Pawlicki had a lifetime history of sexually inappropriate behavior, and that he had shown pornography to children and spoke to children about sex).)

11

### ii. Actual Innocence

Pawlicki argues that if his counsel had been effective at trial, it would have been more likely that he would have been found not guilty for the crimes he was charged with. (Doc. No. 61 at 17.) Pawlicki then claims that two of the witnesses for the prosecution admitted to making up the charges against him. (*Id*.)

To establish actual innocence, a petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)). However, the United States Supreme Court has limited *Schlup* to petitioners who can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327 (citation omitted). Thus, "a petitioner must show that, in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Majoy v. Roe*, 296 F.3d 770, 775–76 (9th Cir. 2002). "A petitioner need not show that he is 'actually innocent' of the crime he was convicted of committing; instead, he must show that 'a court cannot have confidence in the outcome of the trial.'" *Id*. at 776.

Unfortunately, Pawlicki repeats his belief that he is factually innocent while outright ignoring the R&R's findings. (*See* Doc. No. 60 at 83.) The statement Pawlicki references was made by Christina C. during a preliminary hearing where she said "No. We just made up this thing[.]" (Doc. No. 61 at 31.) However, this statement was made in response to the question: "You felt like people were telling you what to say, right?" (*Id*.)

As the R&R already illustrated, Pawlicki takes the foregoing testimony out of context. Instead, as the R&R delineates, it appears that Christina C. may have been indicating that she felt like her teachers as well as other individuals who were pressuring her to report the abuse may have thought that she was making up the allegations. (*Id*.; *See* Doc. No. 56 at 8.) The Court agrees with the R&R's interpretation as well as finds that this statement falls far from constituting a clear admission that Christina made up the

allegations against Pawlicki. Accordingly, Pawlicki has not demonstrated his actual innocence.

In sum, the Court finds that as a whole, Pawlicki's various objections are simply broad and general re-statements of the arguments in his Petition. Moreover, the majority of the objections were already thoroughly and painstakingly addressed and analyzed in the R&R. Thus, without more, and even construing Pawlicki's objections liberally, the Court finds that Pawlicki has made no specific objections to the R&R and those objections the Court has addressed above do not demonstrate that Pawlicki is entitled to federal habeas relief. Accordingly, the Court **ADOPTS** the R&R in its entirety and **DENIES** the Petition.

B. <u>PETITIONER'S MOTION FOR LEAVE TO EXHAUST HIS CLAIMS</u>

On December 14, 2017, Pawlicki filed a motion for a stay in regards to claims two, three, and five. (Doc. No. 63.) There, he requested that the Court stay its ruling until he could "fully exhaust claims this Court deems are unexhausted[,]" (*Id*. at 2), "[b]ecause this Court and the respondent agree that the three claims have not been properly addressed and exhausted . . . ," (*Id*. at 7).

Unfortunately, Pawlicki must be mistaken about the Court's position. In the R&R, Judge Dembin ruled in Pawlicki's favor and recommended that Respondent's contention that claims two, three, and five are procedurally defaulted <u>be rejected</u>. (Doc. No. 60 at 28.) Moreover, the R&R also recommended that this Court <u>reject</u> Respondent's assertion that any claim is unexhausted. (*Id*. at 28–31.) Instead, the R&R found that Pawlicki had "satisfied the exhaustion requirement by presenting claims one through six to the state supreme court in a manner which permitted that court to reach the merits of the claims." (*Id*. at 30.)

Thus, finding that Pawlicki must have misread or misconstrued the R&R, and most importantly highlighting that the R&R agrees with Pawlicki that his claims are in fact exhausted, the Court **DENIES** Pawlicki's motion for leave to exhaust claims **AS MOOT**.

### IV. CONCLUSION

As explained more fully above, the Court **ADOPTS** the R&R in its entirety, (Doc.

No. 60), **OVERRULES** Pawlicki's objections, (Doc. No. 61), **DISMISSES** Pawlicki's habeas petition, (Doc. No. 34), and **DENIES AS MOOT** Pawlicki's motion for leave to exhaust his claims, (Doc. No. 63).

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where Pawlicki makes a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 325 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, Pawlicki must demonstrate that reasonable jurists could debate whether the petition should have been "resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss Pawlicki's habeas petition and therefore **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

Dated: July 2, 2018

Hon. Anthony J. Battaglia
United States District Judge