UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK STANLEY PAWLICKI,<br><br>                          Petitioner,<br><br>v.<br><br>DANIEL PARAMO, Warden,<br><br>                         Respondent. | Case No.: 16-cv-0721-AJB-MDD<br><br>**ORDER DENYING PETITIONER'S MOTION TO RECONSIDER**<br><br>(Doc. Nos. 67, 69) |

      Before the Court is Petitioner Patrick Stanley Pawlicki's petition for leave of Court to file FRCP Rule 59(e) motion to reconsider, (Doc. No. 67), and a letter with Pawlicki's points and authorities in support of FRCP Rule 59(e) motion to reconsider, (Doc. No. 69). The Court construes both these motions as a motion to reconsider the Court's Order adopting Magistrate Judge Dembin's Report and Recommendation and overruling Pawlicki's objections. For the reasons discussed herein, the Court **DENIES** Pawlicki's motion for reconsideration.

### I.    BACKGROUND

      On November 3, 2017, Magistrate Judge Dembin issued an extensive and thorough ninety-eight page Report and Recommendation ("R&R") recommending that the Court deny Pawlicki's petition for a writ of habeas corpus. (Doc. No. 60.) On November 20,

2017, Pawlicki filed his Objection to the R&R. (Doc. No. 61.) On July 2, 2018, this Court adopted the R&R, overruled Pawlicki's objections, denied the petition for writ of habeas corpus, declined to issue a certificate of appealability, and dismissed as moot Pawlicki's motion for leave to exhaust claims. (Doc. No. 64.) Pawlicki then filed the instant motion for reconsideration. (Doc. Nos. 67, 69.)

## II. LEGAL STANDARD

A motion to alter judgment is brought under Federal Rule of Civil Procedure 59(e). *See Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983). An amendment to a judgment is appropriate under Fed. R. Civ. P. 59(e) if: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (citing *School Dist. No. 1J, Multnomah Cty., v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)). The Ninth Circuit has recognized that in the interests of finality and conservation of judicial resources, Rule 59(e) is an "extraordinary remedy to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

In addition, Local Civil Rule 7.1(i)(1) states that a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part . . . ." S.D. Cal. CivLR 7.1. The party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.*

## III. DISCUSSION

Pawlicki's motion for reconsideration yet again re-argues his beliefs that the trial judge engaged in outrageous conduct, the trial judge was unreasonable, that attorney Pacello misled the court regarding his experience, that he was provided with ineffective assistance of counsel, that Pawlicki is actually innocent, and that he was denied his choice of counsel. (*See generally* Doc. Nos. 67, 69.) The Court previously held that Pawlicki's

objections were not entitled to de novo review since Pawlicki simply repeated the arguments made in his Petition that were already analyzed by Magistrate Judge Dembin in the R&R. (Doc. No. 64 at 10.) Pawlicki again utilizes his motion for reconsideration to simply re-argue the same issues presented in his Petition. Pawlicki has failed to present the Court with newly discovered evidence, to establish that the Court committed clear error or made an initial decision that was manifestly unjust, or that there is an intervening change in controlling law. *See Zimmerman*, 255 F.3d at 740 (citing *School Dist. No. 1J, Multnomah Cty.*, 5 F.3d at 1263).

Accordingly, the Court **DENIES** Pawlicki's motion for reconsideration in its entirety.

**IT IS SO ORDERED**.

Dated: October 18, 2019

Hon. Anthony J. Battaglia
United States District Judge